STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Howard    }
Bushey and Craig Rich      }
                           }  Docket No.  283-12-00
                           }  Vtec
                           }
                           }
                           }

Entry Order on Appellants= Motion to Amend and Order to Remand

Appellants are represented by Jesse D. Bugbee, Esq.; the Town is represented by David A. Barra, Esq. The Court ruled on October 22, 2001 that no deemed approval is warranted, but that the November 28, 2000 proceedings of the DRB were improperly warned for DRB to address the merits of the reconsideration, and that the matter must be remanded to that stage in the DRB= s proceedings. Appellants have moved to amend, arguing that a municipal board should not have decided to reopen this matter in the first place, arguing that it was at the whim of one of the board members and that there was no prior showing of new evidence or that the original decision was based on inaccurate information.

The October 22, 2001 decision addressed the circumstances under which a municipal board may reopen a decision, as discussed in In re: Appeal of Dunn, Docket No. 2-1-98 (Vt. Envtl. Ct., March 8, 1999), based on balancing of the need for finality in zoning decisions and the need to avoid unnecessary remands. The > good policy= noted in Dunn to allow a board to reopen the initial proceeding before the time has expired for the issuance of the decision is based on whether such a procedure may result in a sounder decision, and thereby avoid both unnecessary appeals and unnecessary remands. The Town itself could appeal a decision de novo to force the taking of additional evidence and the reconsideration of the merits by this Court. It is better practice to allow the DRB to reopen and rework its own decisions within the time before the order has become final, so long as it is not done for an improper or malicious purpose. The procedures provided in Dunn and applied in the present case for reopening will assure that the reopening works no prejudice, either to parties favoring the original decision or to parties intending to appeal the original decision, and that all the interested parties have adequate notice of the hearing on the reopened merits. In the present case, the board made a timely decision to reopen, but did not give adequate notice of the hearing to

be held on the reopened decision, and did not hear from the applicant in the open meeting portion of the reopened hearing.

Therefore, Appellants= request to amend is denied. As the November 28, 2000 proceedings of the DRB were improperly warned for DRB to address the merits of the reconsideration, this matter must be and hereby is REMANDED to that stage in the DRB= s proceedings for the reopened merits of the auto repair and inspection station application to be properly warned and heard. This order concludes this appeal.

Done at Barre, Vermont, this 5th day of November, 2001.


_____
Merideth Wright
Environmental Judge